The next case is Jones v. Goodrich Pump Wait till everybody gets a little settled. Yeah, we won't start the party tour Chief Judge Livingston and may it please the court. I'm Thijinder Singh for the plaintiffs appellants I'll try to hang on to three minutes for rebuttal. The principal question before the court today The only question district court really decided is whether the doctrine of implied field preemption Requires the rejection of all of the claims in this case. That is the design defect manufacturing defect and failure to warn claims brought against the manufacturers of the FADEC and the engine in this case the Course we urge the court to take is the one taken by the Third Circuit in the Sakelly cases which confronted exactly the same question The Third Circuit held that there is no field preemption of state standards of care in this context But that there is conflict preemption when the defendant can show that had it taken a proposed design change to the Federal Aviation Administration the Federal Aviation Administration would have rejected the change the alternative. We have a separate argument That's particular to this case about military aircraft, which says the FAA Preemption both field and conflict preemption do not apply to military aircraft like the one in this case addressing field field preemption and the Third Circuit's decision when your adversaries say basically, it can't be the case that you can have an aircraft flying from New York to California and and that there are differing standards of Design that would prevail from state to state and that that strikes me as a pretty powerful argument So so how did the Third Circuit come to a different result? And what what am I missing about that? The short answer your honor is that that hasn't happened I want to make it clear that our rule the rule that says state standards of care apply has been the rule for decades since Aviation has existed and what we haven't seen is we haven't seen California making the California Aviation Administration in New York making the New York Aviation Administration and all of those entities issuing regulations that conflict with the federal standards But we usually there's nothing in the case law that says that we have to find a patchwork before we could Can say that the field is a is preempted or the preemption applies over a given domain That's quite true your honor But there's also nothing in the case law that says the potential for a patchwork is enough to infer intent to oust state law When you think about federally regulated products, I'm thinking about aircraft I'm thinking about boats Automobiles things that move around a lot and are quite heavily regulated by the federal government Drugs is a good example and their labels medical devices There are sometimes express preemption provisions when Congress perceives the need to impose Uniformity and oust state law what we have in this context is the exact opposite That is Congress has repeatedly recognized that there are in fact different states applying their common law standards And it has said that outside very limited circumstances like the federal statute of repose in the gara statute State law will govern fully quote unfettered by federal interference And so what I would point the court to is when you think about this It's all in the context of state common law standards States doing what they've always done in saying well in this product design realm if you design a product in a way that's unsafe That's going to create liability for you the manufacturer to the flying public Congress has blessed that result both through its failure to enact express preemption here through its savings clause which this court pointed to in both the Inouye air crash case and the Cuomo case as preserving this type of state law tort claim also through the Statutory provision saying that the federal design standards are minimum standards Setting a floor on safety not a ceiling in analogous context like boats The Supreme Court has found that that minimum standards language is compelling in terms of creating a floor And not a ceiling and allowing states to impose additional requirements if they want to and the Third Circuit considered all of these factors when it reached its Preempted if Congress had wanted to do that it would have said so clearly Congress plainly knows about these torts these accidents have been happening and lawsuits about them have been getting litigated for decades It has had ample opportunity to speak up and expressly preempt these cases and has not done So even as it has preempted other things relating to aviation for example the airline Deregulation Act which preempts claims relating to commercial carriers rates routes and services is a really good example of when Congress wants to step in and impose uniformity how it does it Gara where Congress said you can't have a product liability case for a product that was installed more than 18 years ago Is another really good example of where Congress has said will preempt but Gara's legislative history We think is so illuminating and so compelling on this point because in the course of enacting that statute Congress expressly considered and rejected bills that would have imposed a Preemption that would have preempted state liability standards and claims for relief and it said no none of that We're only going to enact the statute of repose and that's how the Third Circuit came to the place it did I think the only thing left for you to consider your honor is Whether this court's precedents already compel a different results the other side places great weight on the good speed and tweed cases Which say the field of air safety is preempted and again here the Third Circuit has provided a path forward in the Third Circuit There was a case of doula versus American Airlines, which also held the field of aviation safety is preempted When but it wasn't about products liability and when the Third Circuit got to deciding whether that case controlled products liability cases It looked to the features of the Federal Aviation Act, which I've pointed you to that is the minimum standards language Savings clause so on and so forth and it said no This is a different context from the operation of aircraft, which was at issue in Abdullah It's certainly a different context from the design of airports, which is what was at issue in good speed and tweed And so we think that Precedent wise the right precedents to look to are the in re air crash case this court's decision from 1980 Which said that state law about the operation of aircraft is not preempted the Cuomo decision which reaffirmed in re air crash that was a 2008 decision that said state torque claims are not all preempted and then The sakele decisions which provide the most compelling persuasive authority the last thing I'll say of course is that the sakele decisions don't stand alone We've cited in our brief the fact that's Undisputed that every appellate court to ever have considered this question has come out our way And so this court should not break with that overwhelming wall of precedent to your adversaries say that Don't say that all state remedies or I mean you can bring a lawsuit you just have to apply a federal standard of care and you say in your reply brief that If we were to agree with that, we should send this case back. Could you elaborate on what? In the reply brief. Do you have federal causes of? Do you have state causes of action that you could plead using a federal standard? Yes, your honor. So this this is a difficult question to answer and I'll answer it in two parts I'll tell you why it's difficult and then I'll give you my best answer. It's difficult to answer because Every court that has tried to fashion a federal standard of care out of federal regulations has utterly failed The district court failed in sakele and there's another case we cited in the reply Pease versus Lycoming that encountered a similar failure Nobody knows what the federal standards of care are and I'll say even as the other side tells you that they exist They don't tell you what they are. Now. I'll take my best shot There is a regulation that both sides have identified which governs the design of engine control systems, right? This is 14 CFR. I think thirty three point two eight it says that in transitioning between control modes an engine control system cannot result in what it calls unacceptable characteristics for the engine now our argument would be if We can prove that the transition between fuel mode So in this case, what happened is there was a step count fault and 36 seconds later there was a fatal accident as it transitioned between control modes if we can prove that it was a Factual and proximate cause of the crash that transition then we have shown unacceptable characteristics And we think we should be able to bring a claim for a remedy based on that standard But what I'd stress is that look we've identified one regulation. We've said maybe that could be the standard of care They haven't taken a position one way or the other and nobody knows and the most compelling thing We've cited comes from in our reply brief. There was testimony about this in connection with the Gara statute Where a judge testified and said we've actually achieved Substantial uniformity by applying state law if we were to create new federal standards of care It would upend the apple cart and cause us to all all the federal circuits all the state courts of last resort to try and have To figure out what those standards mean in the context of each specific aviation part each Specific case and it would actually undermine the uniformity that currently exists in the law We think that's correct The Third Circuit agreed with us about that point as well Which is why it said don't use federal standards of care use the state ones that have the United States I guess disagreed and it's a it's a briefing before the Supreme Court in the Third Circuit case One of the things that they said might be a federal standard is failing to build an aircraft in conformance with the type certificate Would that be is that the the type of theory you're arguing? It's or is it a different one? I think that's different that to me sounds exactly like manufacturing defect claim Which of course we have and so I would stress our manufacturing defect claim Whatever you decide about preemption of design defect claims our manufacturing defect claim stands on a different footing Because even proponents of preemption like the federal government will admit that a manufacturing defect claim is fine And so here we would have that sort of claim as well But that what I think the federal government has implicitly conceded is that every does straight design defect claim? That is a claim that says you Manufacturer designed this product in a way that's unsafe Would be defeated by the fact that the Federal Aviation Administration has approved the design and just to be clear the Federal Aviation Administration approves all the designs through its type certification process and I will add there is one wrinkle here The federal government hasn't taken this position. The defendants haven't taken it either, but it's an uncertainty that I'm not sure about The federal government also issues what are called airworthiness certificates So after the type certificate it issues a production certificate and things get manufactured and then it issues an airworthiness Certificate for a particular product that says this one's good no one has commented on whether that would eliminate all the manufacturing defect claims and There's an argument that if I were a defendant I would make That I would say look there's an airworthiness certificate now the federal government said it's not a problem The defendants have suggested it's not a problem, but they haven't given a reason So I really don't know how their rule works and that the thing that I always come back to in these cases is that Their rule is fraught with uncertainty It's exactly the sort of thing that Congress should sort out through its deliberative process And it's exactly the sort of thing that Congress has not given them Even as it has given them lesser degrees of preemption in exactly these forms of cases And I think the court should take something from that as opposed to trying to create from first principles an entirely new preemption regime in This incredibly complex area of law Thank you, Your Honor Good morning, Your Honors. May it please the court. John Serretta for Goodrich Pump and Engine Control Systems I'd like to focus most of my time on the field preemption point addressed by the court below. As this court has held in The Tweed Airport decision and in Goodspeed, the Federal Aviation Act creates a uniform comprehensive system of air safety standards that occupy the field. That is this court's holding and we would urge the court to affirm and to adhere to that rule in the context of the design and manufacture of Can I just say accepting that premise, I mean that doesn't tell us specifically what types of claims are subject to preemption I mean here we're talking about products liability, which this court has not Specifically addressed and even in Tweed and Goodspeed where they were saying that that it's the field of air Safety, it still has to be defined. Well, what's encompassed within that and in I'm gonna confuse them now the case regarding the Goodspeed is that regarding the trees It said it's not and so we still have to decide product liability How does that fit in and since neither of those cases addressed that? What's the how should we look at this? So I think it's true that there's that second element Is this sufficiently related to the field of air safety? The trimming of trees was not the length of the runway I'm sorry, just interrupt or even if this is something that is within the field of air safety I guess step one as well. Sure. So trimming of trees we have from this court's guidance trimming of trees Not subject to preemption length of runway subject preemption. I would submit this is a heartland case We're talking about the design and manufacture of aircraft components There are comprehensive federal standards a type certificate is issued for the the allegedly defective design The alternative design that has been proffered is considered by the government and not implemented So we are well within the heartland of the field of air safety now, it's true that sickly Did to Abdullah similar to what? Plaintiffs are urging this court to do here to its prior precedents but I would submit that even even if if you look at sickly that Option is not available because what sickly says is well if we're we're going to draw a line we would submit an arbitrary line between in-air safety and Safety that is not in the air, but here the court has already gone beyond The operation of the of the aircraft in the air and its Field preemption precedents it has held the length of her one or runway on the ground is subject to but isn't it? I mean putting aside you're correct in terms of not making the in-air Operation Distinction but beyond that just sort of looking at product life. Excuse me product liability one thing that's really concerning to me is that this the the gara act that was passed the fact that you know, Your argument is premised on implied preemption. Obviously, there's no statute Expressly preempting here. And so the fact that Congress passes a law addressed to product liability and addressing Preemption in a way that suggests there it was not the case that it's already preempted I guess that case that the fact of that act in particular Troubles me in terms of how it fits with your argument that Congress intended for there to be implied Preemption with regard to product liability. I think it fits quite well actually and it's a it's an important point that Judge Livingston mentioned Chief Judge Livingston mentioned in her questions that we're talking about preemption of standards of care. So the saving clause it is true Preserves state remedies and we don't quarrel with that state remedies can be brought Causes of action rules about statutes of limitation. That's a remedial rule rules about allocation of damages between defendants Those are remedial rules still subject to state law gara properly understood Provides an exception to that general carve-out and so what gara does is says notwithstanding The fact that state remedial law generally governs under the saving clause We're going to have an 18-year statute of repose in which a federal remedial rule will apply Does gara specifically reference though does gara the statute itself? Reference the Savings Act and make clear that that's what it's about that it's saying notwithstanding the Savings Act I mean, it seems like you're that's your I think it's you look at the framework of the act as a whole you have The standards at the minimum standards Which we don't think there's a problem with the use of the word minimum the Supreme Court has recognized that minimum standards can cause preemption in cases like Geyer and in Ray versus Atlantic Richfield, so that sets standards of safety Federal standards of safety that cover the waterfront under the FAA the saving clause preserves remedies and it's true There's not an express notwithstanding clause, but gara is about a remedy It's about taking something out of that federal remedial saving clause and and federalizing it with an 18-year statute of repose Could you address the your adversary said during his argument that it is It is accepting your argument that would upset the applecart in terms of how cases have been litigated In state courts up until now under common law standards and that the federal standard that you're advocating is basically In Coherent would would require a real wholesale rewriting of products liability law sure I don't think there's much evidence that that's true They cite the NRA air crash at JFK Airport is a case where New York law applies That's the only one I think I've seen in this circuit. Well, New York law applied by stipulation as we point out it's not like there's a There are is this long record of state standards of care being applied? There have been a couple of decisions sickly the most recent in which state standards of care were recognized over the government's objections And it's very well settled across many presidential administration view that you can have standards of care that are Federal in this area and they are not incoherent and I would just urge the court We lay it out, but probably the federal government lays it out much more elegantly There are many different theories as long as you don't Certificate and try to say that the approved design in the type certificate is wrong. You can say in Information was not provided to the federal government that should have been at the time that the type certificate was approved There's also would be a breach of a federal standard of care to argue that Information should have been provided after the fact about problems in the field or defects that are emerging To cause an amendment of the type certificate that has not been Pleaded here and nor could it be really since all of the information was provided to the federal Are there is the type certificate essentially exhaustive? I mean I is there in theory some thing that could not be discussed in the type certificate that could relate to the design of a aircraft Absolutely, and the and the and the the federal government has made this point in its amicus briefs For example that you could have a type certificate that leaves a certain component to the discretion of the manufacturer Leaves it open doesn't lay out every jot and tittle of what is required for the design of that component and there there would be Room consistent with the site. I remember that part from that briefing But that that's where something is left to the discretion of the manufacturer perhaps explicitly in the type certificate What if there's something that's just not? Addressed. I think that also could be here. However, we have something very specific about the the The particular design components at issue I do want to address just one thing and that is the I recognize them over my time But with the courts indulges that is the need for a remand and we would just urge the court if it does agree and it Here's to its precedent on field preemption in this area that no remand is needed because there was a long period of discovery in this case state causes of action were pleaded as Early as the answer to the complaint certainly enrolls as answer preemption was in the case and there was plenty of opportunity to develop evidence of a breach of a federal standard of care in the motion to alter or amend the judgment after the Summary judgment ruling in the reply brief at page 6 the plaintiff said we didn't bring Federal standards of care we didn't rely on them. And so we've had many years of litigation. No federal standards of care were raised and There is no need for a remand on that point in our view I see that I'm over my time and unless the court has questions. Thank you very much You Good morning, and may it please the court. I'm Denny Shoup from Schneider Harrison and I represent Rolls-Royce Corporation As counsel indicated he emphasized the arguments with related to related to field preemption We also have two alternative grounds that we contend the record is sufficient below For judgment in this case should the court not filed field preemption The first is conflict preemption and the second is the government contractor defense I intend to focus my comments here this morning on conflict preemption The question before the court is straightforward under conflict preemption Can a private party independently do under federal law? What state law requires of it and the answer here as even the plaintiffs concede in their briefing is It cannot Here the plaintiffs are arguing for an alternative design to the full authority digital electronic control system that for the c30 r3m engine that Has not been approved by the FAA and is not permitted under the type certificate as the U.s. Supreme Court made quite clear as you look at the trilogy of why if Cleaver men seen in Bartlett That and as judge Roth who was the author of the original of dual decision as she said in her dissent in Sacali to she said that Where the court is or where the the court is presented with a situation as we have here Where a manufacturer is required To comply with a type certificate design They cannot on their own deviate from that design and adopt what state law may tell them to do now justice Thomas in mensing Also went through this in great detail and comparing it to the pharmaceutical litigation the CBE Regulations that permit a manufacturer initially to make a change subject to later action by the FDA That's not a situation that we have under the Federal Aviation Act under the Federal Aviation Act. The manufacturer is required To produce the product in accordance with the type certificate The type certificate data sheet and the underlying materials that support that Are the the fact related questions related to this issue? Do you is it your view that they're fully fleshed out on the record? I mean the lower court did not address this obviously this was briefed but are there there factual questions relating to sort of the processes and the certificates and those types of things that Need to still be I guess are those not those factual questions not in dispute at this point Judge Lee we do not believe that there are factual questions in dispute related to the conflict preemption defense As I said plaintiffs conceded that Rolls-Royce Could not change the design without FAA Involvement and that FAA involvement is discussed in great detail in some of the amicus briefing in terms of how that is done The would have to be a submission a detailed submission to the FAA Because this is a major change in design Affecting the performance and the airworthiness of the engine there would have to be a submission of data The FAA would have to look at the data and have to make a determination As to whether what is being presented would be in compliance with federal aviation Regulations the governing standard and only if that showing has been made then a change can be made So in this case, it requires involvement of by the government Exercise of judgment by the government and approval by the government They also note that since Sikele 2 In this clear evidence standard no other federal court in all the decisions that have been rendered since then That have cited that court for any particular reason have adopted that particular standard and that approach to conflict preemption So that is sitting out there and no other court has chosen to follow that and it is our Argument to this court that this court also should not follow that as well. Instead. They should follow the rationale of Judge Thomas's Opinion in the plea the mensing as we later saw distinguished and further explained in Bartlett If I may I'd like to make one comment about The the gara questions you were asking the judge late with respect to gara when you look at the exception to the 18-year statute of Repose, it's very clear that that Exception is reported is looking at federal duties federal duties in terms of reporting Federal duties in terms of information that had to be provided during the original type certification So when you look at gara as my colleague talked about gara itself is looking to the federal Duties that still a manufacturer has to comply with and establish the exception in from that perspective One other point I wanted to make as well as we looked at in air safety where we started the discussion here today The paradigm Example of in air safety is an aircraft Operating in the air and how its systems have to operate in the air for the aircraft to remain safe So in this particular case, we're talking about control systems and how the control systems operated on this particular Helicopters engine those control systems are the paradigm example of what is safe in the air How is it safe in the air for these control systems to respond as we have? this federal regulation as counsel for appellants referenced 3328 that has much more in it than over the small part that he referenced. There's detailed explanation Throughout the regulation as to what has to be done There is also supplemental FAA material that explains how a manufacturer is to show that you are in compliance with that particular area and then this whole process has been the result of a Detailed process as we talk about in our in our briefs about from the very beginning You start with a meeting between manufacturers and the FAA to establish what the certification Basis of the process will be and then that process once approved by the FAA The manufacturers have to submit detailed materials in support of that with the FAA said they wanted in this particular case over 70 reports Thousands and thousands of pages of materials that went went into this and then the FAA looks at all of that to determine if Compliance has been shown and then over time with the continuing airworthiness Responsibilities and some of the things that we talked about would go into the federal standard of care they continue to Provide that information and have to respond to the FAA So if there's no other questions at this time we rest on our briefs at the argument today, thank you I know I went over I I'll start with the issue of conflict preemption since we haven't discussed that one yet There are two points that I would raise about that. I think are significant The first is as it relates to military aircraft. This is a tough row to hoe because Although it's true. They had to go out and get a type certificate That's because the military by contract said to do so the preemption Provisions of the supremacy clause apply by virtue of it being the law of the land that is statutes and regulations Not private contract. And so in this case if the army had said, okay do something different than what the FAA certified There would be nothing stopping them from doing that. The FAA has no Jurisdiction over these products except insofar as you know by contract they decided to go and get a type certificate So that's one place where our military argument I think may loom large if you're inclined to think their argument might be right for civilian aircraft It probably isn't the right case to reach that The second thing I'd point out is their conflict preemption theory takes a sledgehammer to essentially all products theory products liability that relates to air crashes Every single change to a design that could influence the air worthiness of that design Will count as a major change and require FAA approval There's a brief filed in this case by the AAJ the American Association of Justice Which has seven pages pages 20 to 27 of their brief Laying out examples of product defects design defects in the past that would have required changes to type certificates That would be preempted under the defendants rules So when we talk about upsetting the apple cart and settled precedent, we're not just talking about federal cases We're talking about state court cases and every single air crash you can think of that's resulted in litigation against manufacturers Those cases would all come out differently because type certificates govern the design of airframes and the design of engines and the designs of propellers Comprehensively if a claim relates to one of those three things It's going to be preempted under the other side's rule even when and this is a really good part about the facts of this case They they raise conflict preemption. This is the doctrine of impossibility preemption They changed the design in this case for the entire Civilian helicopter fleet with the FAA's blessing six years before the accident in this case After the accident in this case They changed the design again in a different way for the military fleet for them to now stand up and say hey It was impossible for us to change the design is we think setting the bar in entirely the wrong place They do this by reference to the generic drug cases But FAA design changes are nothing like the generic drug labeling process as we've set forth in our briefs And I won't belabor the point Generic drug manufacturers are in a straitjacket when it comes to their labels. They have to copy the brand name label They can't do anything else. Can I ask you to briefly address the manufacturing defect claim? And your contention that the district court got it it wrong as a matter of summary judgment Sure So there were two features of the district courts holding one of which the other side doesn't defend the district court first said that the defendants Manufacturers of the potentiometer we've shown that that's wrong as a matter of state law They integrated in into their product and they don't dispute that in their briefs The second thing was the district court said well all you've shown is that the potentiometer failed early But that's what they're supposed to do they fail eventually So it's not a manufacturing defect the trouble with that is the design Specifications for the potentiometer say it's supposed to last for several thousand hours I believe about six thousand hours This potentiometer had been serviced for less than half that period of time and when it was tested after the crash Its testing showed that it was performing wildly out of its specifications for more than half of its operating range It was giving out the wrong electrical feedback that would have sent bad signals to the engine and caused the step count fault That's our that's what our experts found Our experts found this by testing the potentiometer and then by also testing an exemplar potentiometer That's the same model which didn't exhibit these problems. So that tells you the problem isn't one that's inherent to the design It's a problem in the way this particular unit was built There was no evidence that the unit was damaged and it had been in service for some period of time so at the time it's tested say It's it's not acting it's malfunctioning Way before the end of its service life But is that really enough for a reasonable jury to conclude that there's a manufacturing defect as opposed to something else that might have happened Yes, I think it is your honor There's no alternative explanation given for why the thing was behaving the way it did the other side has said well We tested it. It was tested on an HMU on a hydromechanical unit before it was installed on the engine But that just means the hydromechanical unit was tested and that day it worked We've actually also shown by the way the accident aircraft in this case experienced a step count fault Just a little bit over a week before it went up with the same potentiometer on it This thing was failing before and so we think that there is a good Enough record for a reasonable jury to find this particular piece was not manufactured in accordance with its design Which is the essence of a design defect? Now, of course, that's only one of our claims We also have the design and the failure to warn claims, which we haven't we haven't talked about failure to warn in that much detail But you know, yes as to the manufacturing defect The only thing the district court said is it's not enough to show the thing failed early That's of course not the only evidence we have it failed early. It's testing out of specifications It failed repeatedly and there's no alternative explanation for why it could be hit be behaving the way it is Other than it was built wrong. And so we think that in that context. Yes a reasonable jury construing the facts favorably to us Could find that Thank you all well argued very very helpful especially given the circumstances That's the the last case on the calendar to be argued this morning, so I'll ask the clerk to adjourn court You